T. F. EARY, *Guardian* v. EARL FRANKLIN FERGUSON

(No. 7485)

Submitted November 7, 1933. Decided November 14, 1933.

*C. R. Summerfield,* for appellant.
*U. S. Albertson,* for appellee.

WOODS, JUDGE:

The circuit court of Fayette County, upon the petition of the guardian of Earl Franklin Ferguson, an infant eleven years of age, entered an order authorizing a settlement of a fire insurance claim for $1,700.00, and directing the payment of $850.00 thereof to Sherman H. Eary, as counsel fees and expenses. The father of the boy, as next friend, complains of the $850.00 item on the ground that the same is excessive.

Is such fee so unreasonable that this Court will set the same aside?

The order directing payment of the $850.00 recites that it was entered after the chancellor had heard evidence, although, as appears from the record, the same was not taken down and preserved. Ordinarily, where there is such a recital, this Court will presume that the evidence was sufficient to support the lower court's action. But, there is an equally well settled

principle that an order is limited to matters in issue. 15 R. C. L. 604. To determine this, we must refer to the petition. While it recites that Eary was employed by, and succeeded in securing the acquittal of, the father, on the charge of burning the son's building, which was covered by the policy involved in this case, are we warranted in assuming that there was such collusion between the father and son as made it necessary to first clear up the charge against the father? Granting that a boy of eleven years might be capable of collusion, we find nothing in the petition so charging him. Nor is there any allegation that the insurance company refused settlement with the boy upon such an assumption. So the fee is limited to the proceedings leading up to the company's agreement to settle for $1,700.00. Just what services were rendered in this connection? The petition, after an averment that the father and the guardian employed the attorney on a fifty-fifty basis, says that "there has been various and sundry phases of the matter, in fact the insurance company declined to make any adjustment whatever, but since the necessary papers have been prepared to institute suit in court the company has offered and agreed to settle said insurance for the sum of $1,700.00, in fact the compromise has been negotiated to the point of final settlement." In other words, it merely says that the attorney had prepared to institute suit. No other specific act done for the benefit of the ward is set out. Hence, we must assume that the evidence was so limited.

The infant is always the ward of every court wherein his rights and property are brought in jeopardy, and is entitled to most jealous care that no injustice be done him. While an adult will usually be left to contract with an attorney as he please, a court will not give its consent to payment of fees which it deems unreasonable where the rights and property of an infant are involved. The allowance of counsel fees in the latter case "depends upon a number of factors; not merely the size of the estate, but also the extent of the labor of counsel, the responsibility assumed by him, the benefit derived from his services, and his own professional standing and reputation." 28 C. J. 1153. Thus a contract between a guardian and an attorney is not controlling, except in so far as the fee may be reasonable. And courts ought not to permit them-

selves to be affected by contracts which a guardian may have made and to allow more than they would have allowed in the absence of such contracts.

In view of the pleadings, we are of opinion that the fee allowed the attorney is unconscionable, and therefore reverse the order in so far as it directs payment thereof, and remand the proceeding to the circuit court for the purpose of fixing a just and reasonable sum in lieu of the former fee.

*Reversed and remanded.*